-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEONARD McCENZIE, 00-A-2980,

        Plaintiff,

     -v-                    05-CV-0618E(F)
                                     **ORDER**

THOMAS POOLE; D.F. NAPOLI, LODICE;
M. McCLATCHIE; DUPRAT; NEIL GUERIN;
B. BOGETT; R. STEVENS and B. DRAYSE,

        Defendants.

---

## INTRODUCTION

    Plaintiff, Leonard McCenzie, an inmate of the Five Points
Correctional Facility, has filed this *pro se* action seeking relief
under 42 U.S.C. § 1983 (Docket No. 1) and has both requested
permission to proceed *in forma pauperis* and filed a signed
Authorization (Docket Nos. 2 and 6 ).   Plaintiff claims that
defendants Superintendent Poole, Deputy Superintendent Napoli, Lt.
Lodice, Correctional Sergeant McClatchie, and Correctional Officers
Duprat, Guerin, Boggert, Stevens and Drayse violated his rights
when, upon his transfer from Upstate Correctional Facility to Five
Points, defendants McClatchie, Duprat, Guerin, Boggert, Stevens and
Drayse assaulted him upon his arrival at Five Points.   He also
alleges that defendants Poole, Napoli and Lodice allowed plaintiff
to be brought through the back entrance of Five Points upon his
arrival when they knew there was no video surveillance at the back

entrance.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, plaintiff's claims against Poole, Napoli and Lodice, in their entirety, are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, plaintiff's claims against McClatchie, Duprat, Guerin, Boggert, Stevens and Drayse, in their official capacities only, are dismissed, and service by the U.S. Marshals is ordered with respect to the remaining claims against McClatchie, Duprat, Guerin, Boggert, Stevens and Drayse in their individual capacities.

Because there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined, plaintiff's motion for the appointment of counsel (Docket No. 4) is denied without prejudice.  It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se.  28 U.S.C. § 1654.

### DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed in forma pauperis.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which in forma pauperis status has been granted if the Court determines that the action (i) is

2

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id., regardless of whether or not the inmate has sought in forma pauperis status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor.  See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).  Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).  Based on its evaluation of the complaint, the Court finds that plaintiff's claims against Poole, Napoli and Lodice, in their entirety, and the claims against McClatchie, Duprat, Guerin, Boggert, Stevens and Drayse, in their official capacities, must be dismissed pursuant to 28 U.S.C. § § 1915(e)(2)(ii) and 1915A

3

because they fail to state a claim upon which relief can be granted.

### A. Claims Against Poole, Napoli and Lodice

As noted above, plaintiff alleges that he was transported to Five Points Correctional Facility by defendants Duprat, Guerin and Boggett ("transport officers") and that when the van arrived at Five Points the Gun Tower Officer, after speaking with someone, directed the transport officers to drive the van to the back entrance of the facility.  At the back entrance plaintiff was escorted inside the facility whereupon he was assaulted by defendants Duprat, Guerin, Boggert, McClatchie, Stevens and Drayse.

Plaintiff does not allege that defendants Superintendent Poole, Deputy Superintendent Napoli or then Tour Commander Lodice were involved, in any way, in the assault at issue but claims, in wholly conclusory fashion, that they allowed him to be dropped off at the back entrance of Five Points where they knew there was no video surveillance equipment.  He also alleges that as Tour Commander, Lodice knew that plaintiff was enroute to Five Points on the day of the alleged assault.  Apparently, plaintiff is claiming that these three defendants, along with the six who allegedly participated in the assault, conspired to assault him in retaliation for certain things plaintiff had done while at Upstate, including complaining about defendant Duprat driving

4

slowly on the NYS Thruway when escorting plaintiff on a previous occasion.

It is axiomatic that before one can be found liable under § 1983, he or she must have been personally involved in the alleged constitutional deprivation. <u>Sealey v. Giltner</u>, 116 F.3d 47, 51 (2d Cir. 1997); <u>Williams v. Smith</u>, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

<u>Sealey v. Giltner</u>, 116 F.3d at 51 (citing <u>Williams v. Smith</u>, 781 F.2d at 323-24).

Simply alleging that defendants Poole, Napoli and Lodice knew or allowed plaintiff to be dropped off at the back entrance of Five Points because no video surveillance equipment was there, is insufficient to allege that these three "supervisory" defendants were personally involved in the alleged assault. <u>Colon v. Coughlin</u>, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). The allegations against these defendants are nothing more than a claim that they should be responsible under the doctrine of respondeat

5

superior which does not apply to claims under § 1983.  Monell v.
New York City Department of Social Services, 436 U.S. 658, 691-95
(1978). Because the plaintiff's allegations fail to demonstrate
defendants Poole, Napoli and Lodice's personal involvement in the
alleged constitutional deprivation, the claims against them are
dismissed with prejudice.

**B.   Official Capacity Claims Barred**

The Complaint alleges that the defendants are being sued in
both their official and individual capacities.  It requests
compensatory and punitive damages against all the defendants, and
"injunctive preliminary relief" against Poole, Napoli, Lodice,
Stevens and Drayse.

The Eleventh Amendment bars federal courts from exercising
subject matter jurisdiction over claims against states absent
their consent to such suit or an express statutory waiver of
immunity.  See Pennhurst State School & Hospital v. Halderman, 465
U.S. 89, 98-100 (1984).  It is well-settled that states are not
"persons" under § 1983, and thus Eleventh Amendment immunity is
not abrogated by that statute.  Will v. Michigan Dept. of State
Police, 491 U.S. 58, 66-67 (1989).  The Eleventh Amendment bar
extends to agencies and officials sued in their official
capacities.  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct.
3099, 87 L. Ed.2d 114 (1985).  Plaintiff may therefore sue the
defendants in their official capacity only if they consent to be

6

sued. Pennhurst, 465 U.S. 89 at 199-201, 104 S. Ct. 900, 79 L.

Ed.2d 67. Since none have consented, the Eleventh Amendment bars

the plaintiff's claims for money damages against the defendants in

their official capacities. However, a claim for prospective

relief against a state official in their official capacity, as

opposed to a claim for monetary damages, is not barred by the

Eleventh Amendment. *See* Will v. Michigan Department of State

Police, 491 U.S. 58 (1989) ("a State official in his or her

official capacity, when sued for injunctive relief, would be a

person under § 1983 because 'official-capacity actions for

prospective relief are not treated as actions against the

State.'") (citations omitted); Kostok v. Thomas, 105 F.3d 65, 69

(2d Cir.1997) ("[a] federal court may grant prospective injunctive

relief only to stop or prevent acts that are illegal under federal

law").

Since the claims against Poole, Napoli and Lodice are to be

dismissed in their entirety, the claims for prospective injunctive

relief against them in their official capacities must also be

dismissed. To the extent the complaint seeks injunctive relief

against the remaining defendants in their official capacities

those claims must be dismissed as well because although "[a]

federal court may grant prospective injunctive relief only to stop

or prevent acts that are illegal under federal law," Kostok, 105

F.3d at 69, there are simply no allegations of future harm that

7

would support a claim for injunctive relief against these
defendants.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28
U.S.C. § 1915(a) , his request to proceed *in forma pauperis* is
hereby granted.  For the reasons discussed above, plaintiff's
claims against defendants Poole, Napoli and Lodice, in their
entirety, and the claims against defendants McClatchie, Duprat,
Guerin, Boggert, Stevens and Drayse, in their officials capacities
only, are dismissed with prejudice pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)((ii) and 1915A, and the U.S. Marshal is directed
to serve the summons and complaint on McClatchie, Duprat, Guerin,
Boggert, Stevens and Drayse regarding the remaining claims against
them in their individual capacities.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in
forma pauperis* (Docket No. 2) is granted, and his motion for
appointment of counsel (Docket No. 4) is denied without prejudice;

FURTHER, that the claims against Poole, Napoli and Lodice are
dismissed, in their entirety, with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate
defendants Poole, Napoli and Lodice as parties to this action;

FURTHER, that the claims against McClatchie, Duprat, Guerin, Boggert, Stevens and Drayse, in their official capacities only, are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon McClatchie, Duprat, Guerin, Boggert, Stevens and Drayse without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:      February 10, 2006
            Rochester, New York