UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEONARD McCENZIE,

           Plaintiff,

vs.

SERGEANT M. McCLATCHIE,
CORRECTIONS OFFICER ANDREW DUPRAT,
CORRECTIONS OFFICER NEIL GUERIN,
CORRECTIONS OFFICER B. BOGETT,
CORRECTIONS OFFICER R. STEVENS, and
CORRECTIONS OFFICER B. DRAYSE,

           Defendants.
_____

**REPORT
and
RECOMMENDATION**

05-CV-618A(F)

APPEARANCES:        LEONARD McCENZIE, *PRO SE*
                              00-A-2980
                              Five Points Correctional Facility
                              State Rte. 96
                              P.O. Box 119
                              Romulus, New York   14541

                              ANDREW M. CUOMO
                              ATTORNEY GENERAL, STATE OF NEW YORK
                              Attorney for the Defendants
                              ANN C. WILLIAMS
                              Assistant New York Attorney, of Counsel
                              107 Delaware Avenue
                              Fourth Floor
                              Buffalo, New York   14202

**JURISDICTION**

By order dated August 29, 2006, the Hon. John T. Elfvin referred this action to the undersigned for all pretrial proceedings including hearing and filing of a report and recommendation regarding any motion for injunctive relief (Doc. No. 33). On October 17, 2007, the case was reassigned to Hon. Richard J. Arcara (Doc. No. 56). The matter

is presently before the court on Plaintiff's motion for injunctive relief, filed May 23, 2006 (Doc. No. 16).

## BACKGROUND and FACTS[1]

This civil rights action pursuant to 42 U.S.C. § 1983 was initiated by the filing of Plaintiff's complaint on August 29, 2005, alleging Defendants assaulted Plaintiff causing serious injury upon Plaintiff's transfer on February 5, 2004 from the New York State Department of Correctional Service's ("DOCS") Upstate Correctional Facility ("Upstate") near Clinton, New York to the Five Points Correctional Facility ("Five Points") at Romulus, New York in violation of Plaintiff's Fourth and Eighth Amendment rights and in retaliation for Plaintiff filing grievances while at Upstate.  Five Points is a maximum security prison to which Plaintiff was assigned because of his assaultive record.  *Id.* ¶ ¶ 23-24.  Plaintiff sought injunctive relief as to Defendants Poole, Napoli, Lodice, Stevens and Drayse, and damages against Defendants Poole, Napoli, Lodice, Duprat, Guerin, Bogett, Stevens and Drayse.[2]  By order, filed February 10, 2006, Plaintiff's claims against Defendants Poole, Napoli and Lodice were dismissed with prejudice; Plaintiff's claims against Defendants McClatchie, Duprat, Guerin, Bogget, Stevens and Drayse in their official capacities were also dismissed with prejudice (Doc. No. 47).

In the instant motion seeking a temporary restraining order and a preliminary

---

[1] Taken from the papers filed in connection with the instant motion.

[2] Although Plaintiff did not specifically request compensatory damages against Defendant McClatchie, the court presumes Plaintiff's failure to do so is an oversight.

2

injunction against Defendant Stevens, Plaintiff alleges that on May 15, 2006 Stevens had (i) searched Plaintiff's cell and "confiscated" Plaintiff's personal hygiene items and legal documents related to this action, (ii) tampered with Plaintiff's kosher food service, and (iii) threatened Plaintiff with physical abuse. Plaintiff's Motion and Memorandum of Law (Doc. No. 16) ("Plaintiff's Motion"). Specifically, according to Plaintiff, on or about May 15, 2006, Stevens conducted a search, in Plaintiff's absence, of Plaintiff's cell but failed to acknowledge, in an official report of the search, which indicated that no contraband or items of property were found or seized, that Stevens had in fact seized a tube of Plaintiff's toothpaste and numerous legal papers related to this action, including grievance records, belonging to Plaintiff. Plaintiff's Motion at 2. Plaintiff also asserts Stevens's action was another example of retaliation against Plaintiff based on Plaintiff's prior complaints of mistreatment since his transfer to Five Points. *Id.*

Defendants' opposition to Plaintiff's Motion was filed February 9, 2007 including the Declaration of Thomas Poole in Opposition to Plaintiff's Motion for Temporary Restraining Order (Doc. No. 44) ("Poole Declaration") along with Exhibits A-D ("Defendants' Exh(s). ___") and Defendants' Memorandum of Law in Opposition to Motion for Preliminary Injunction (Doc. No. 45) ("Defendants' Memorandum"). Plaintiff's reply papers were filed on February 22, 2007 including Plaintiff's Memorandum of Law in Response (Doc. No. 46) ("Plaintiff's Memorandum"), and the Declaration of Leonard McKenzie in Response to Opposition on Motion for Temporary Injunction (Doc. No. 47) ("First McKenzie Declaration"). On April 16, 2007, Plaintiff also filed the Declaration of

Leonard McKenzie (Doc. No. 49) ("Second McKenzie Declaration").

## FACTS[3]

Defendants admit Stevens did search Plaintiff's cell on May 15, 2006, but that no contraband was found, the tube of Plaintiff's toothpaste was returned to Plaintiff, and no legal papers were removed from Plaintiff's cell by Stevens. Poole Declaration ¶ ¶ 17, 19. Further, according to Defendants, Plaintiff refused to cooperate with the corrections officer assigned to investigate Plaintiff's complaint regarding the cell search by Stevens. *Id.* ¶ ¶ 20, 21.

Regarding Plaintiff's assertion that at about the time of the cell search Stevens also tampered with Plaintiff's food service, in particular that Stevens unwrapped Plaintiff's kosher food, and that Stevens threatened Plaintiff with physical abuse, Defendants state that Plaintiff's complaints were investigated and administratively denied by Superintendent Poole. Poole Declaration ¶ ¶ 17-22. Five Points prison officials determined that unwrapping kosher food before service to inmates for security purposes does not violate Jewish dietary rules. *Id*. ¶ ¶ 6-7. Because of Plaintiff's failure to cooperate, the investigation concluded that no violations of Plaintiff's rights occurred and the investigation was terminated. *Id.* ¶ 22. In March 2004, Plaintiff filed a formal grievance regarding a similar complaint involving Stevens that was, after investigation, found to be unfounded. *Id.* ¶ ¶ 5-8. Plaintiff's appeal of this determination was rejected

---

[3] Taken from the pleadings and papers in this action and in connection with Plaintiff's Motion.

by the DOCS Central Office Review Committee ("CORC").  *Id.* ¶ 9.

Plaintiff also filed a grievance in connection with the alleged assaults on February 5, 2004 by Defendants that are the grounds for Plaintiff's claims in this action.  Poole Declaration ¶ 11.  According to Poole, the investigation of Plaintiff's grievance concerning the alleged assault determined that upon Plaintiff's arrival at the Five Points Facility on February 5, 2004, Plaintiff struck Defendant Guerin with Plaintiff's elbow, and, in response, Guerin forced Plaintiff against a nearby wall causing Plaintiff's head to strike the wall resulting in a laceration above Plaintiff's right eye.  Poole Declaration ¶ 14.  Based on his investigation, Superintendent Poole denied Plaintiff's grievance, and Plaintiff did not appeal such denial.  Poole Declaration ¶ ¶ 12, 13.

In response to Defendants' opposition, Plaintiff contends that Stevens's actions on May 14, 2004, were part of a continuing pattern of harassment against Plaintiff based on Plaintiff's prior misbehavior record and gang involvement while Plaintiff was incarcerated at Upstate.  First McKenzie Declaration ¶ ¶ E-F.  Plaintiff also maintains that Superintendent Poole denied Plaintiff's grievance, relating to Plaintiff's cell search, threats and food tampering allegations, were administratively affirmed by CORC is irrelevant, as CORC has never overruled any of the Superintendent's denials of inmate grievances at Five Points.  *Id.* ¶ G.  Plaintiff also reiterates that he was assaulted unlawfully by Defendants on February 5, 2004, *id.* ¶ 7 [*sic*] B), and that Superintendent Poole and other Five Points staff continually tamper with Plaintiff's legal mail.  *Id.* ¶ 7 C). In Plaintiff's Memorandum, Plaintiff alleges he was assaulted at Five Points by another

corrections officer, a non-party, on September 21, 2005, and two other non-party corrections officers, on January 21, 2007.  Plaintiff's Memorandum at 2.  Additionally, Plaintiff claims that Defendant Drayse, on April 11, 2007, used excessive force against Plaintiff, including a strip search, in retaliation for Plaintiff's complaints against Stevens as asserted in Plaintiff's Motion.  Second McKenzie Declaration at 1-2.

## DISCUSSION

In order to succeed on a motion for a preliminary injunction, a moving party must establish that (1) the party will suffer irreparable harm if the injunction is not granted and (2) either (a) the moving party is likely to succeed on the merits or (b) there are sufficiently serious questions going to the merits of the moving party's claims and the balance of hardships decidedly tips in the party's favor.  *Forest City Daly Housing, Inc. v. Town of North Hampstead*, 175 F.3d 144, 149 (2d Cir. 1999).  Where the injunctive request will alter rather than maintain the status quo, the moving party must make a "clear" or "substantial" showing it is likely to succeed on the merits.  *Id.* at 149-50 (quoting *Tom Doherty Assocs. v. Saban Ent., Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)).  It is also fundamental that "the moving party must establish a relationship between the injury claimed in the motion <u>and the conduct giving rise to the complaint</u>.  *Candelaria v. Baker,* 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *McKinnon v. Tresman*, 2004 WL 78091 at *1 (2004 D. Conn.) (underlining added).  In other words, unless the conduct sought to be enjoined, or affirmatively directed, is the same or

6

directly related to the conduct upon which the moving party's claims for relief in the underlying action are based, a preliminary injunction is not available.  *See Candelara, supra,* at *3 (denying preliminary injunction against activities that occurred subsequent to commencement of the instant action).  *See also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.").

Here, as noted, Plaintiff alleged in the Complaint several violations of his First, Fourth, Eighth and Fourteenth Amendment rights arising from the assault he claims to have suffered at the hands of Defendants, including Stevens, upon Plaintiff's arrival at Five Points on February 5, 2004.[4]  The request for relief in Plaintiff's complaint therefore relates exclusively to Defendants' actions, including those alleged against Stevens, that occurred on February 5, 2004, approximately 15 months prior to the alleged conduct by Stevens Plaintiff asserts as the grounds for his motion for injunctive relief against Stevens, *i.e.*, Stevens's search of Plaintiff's cell on May 15, 2006 and tampering with Plaintiff's kosher meal at about the same time.  Thus, the only claims against Stevens, as alleged in the Complaint, that may support a preliminary injunction are factually unrelated to Stevens's current actions while guarding Plaintiff at Five Points, activity which Plaintiff seeks to prevent by obtaining a preliminary injunction.  Although Plaintiff alleges that Stevens has "threatened physical abuse [against Plaintiff] again," Plaintiff's

---

[4] Plaintiff also alleges he was deprived of food during an unduly lengthy transit from Upstate to Five Points.

Motion at 1, the only claim against Stevens, as pleaded in the Complaint is based on Stevens's participation in the alleged assault occurring upon Plaintiff's arrival at Five Points on February 5, 2004, not any subsequent threats of harm made by Stevens against Plaintiff.  Complaint at 7, 9.  Therefore, even assuming the truth of Plaintiff's allegations in support of the instant motion, injunctive relief may not be granted as such relief is not directed to conduct which is the basis for Plaintiff's claims as alleged in the Complaint.

Accordingly, as Plaintiff's motion provides no basis for the relief it seeks, it is unnecessary to consider Defendants' contentions demonstrating that Plaintiff has failed to establish irreparable harm and the likelihood of success on the merits of Plaintiff's claim as prerequisite to injunctive relief by this court.  Defendant's Memorandum at 5, 12.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 16) should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

Leslie G. Foschio
United States Magistrate Judge

Dated: January 10, 2008
       Buffalo, New York

8

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     January 10, 2008
           Buffalo, New York