UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| LEONARD McCENZIE,<br><br>                Plaintiff,<br><br>vs.<br><br>SERGEANT M. McCLATCHIE,<br>CORRECTIONS OFFICER ANDREW DUPRAT,<br>CORRECTIONS OFFICER NEIL GUERIN,<br>CORRECTIONS OFFICER B. BOGETT,<br>CORRECTIONS OFFICER R. STEVENS, and<br>CORRECTIONS OFFICER B. DRAYSE,<br><br>                Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**05-CV-618A(F)** |

_____

APPEARANCES:        LEONARD McCENZIE, *PRO SE*
                                 00-A-2980
                                 Five Points Correctional Facility
                                 State Rte. 96
                                 P.O. Box 119
                                 Romulus, New York    14541

                                 ANDREW M. CUOMO
                                 ATTORNEY GENERAL, STATE OF NEW YORK
                                 Attorney for the Defendants
                                 ANN C. WILLIAMS,
                                 Assistant Attorney General, of Counsel
                                 107 Delaware Avenue
                                 Fourth Floor
                                 Buffalo, New York    14202

## JURISDICTION

By order dated August 29, 2006, the Hon. John T. Elfvin referred this action to the undersigned for all pretrial proceedings (Doc. No. 33). The matter is presently before the court on Plaintiff's motion to recuse filed October 12, 2007 (Doc. No. 55) ("Plaintiff's Motion"). Defendants' opposition, Declaration of Ann C. Williams, Assistant

New York State Attorney General, was filed November 13, 2007 (Doc. No. 58) ("Williams Declaration").  This action was reassigned to Hon. Richard J. Arcara by order filed October 17, 2007 (Doc. No. 56).

## BACKGROUND and FACTS[1]

On October 17, 2006, the court entered a scheduling order directing, as relevant, that dispositive motions be filed by September 28, 2007 (Doc. No. 61) ("the Scheduling Order").  The Scheduling Order directed, *inter alia*, that a settlement conference be conducted on May 16, 2007 at 11:00 a.m.; however, on May 16, 2007, according to the relevant docket minute entry, because there were no appearances, the settlement conference was adjourned, and not rescheduled (Doc. No. 50).  The record does not indicate why there were no appearances at the scheduled conference, nor why it was not rescheduled.  By letter from Defendants, received and filed by the court on September 26, 2007, Defendants requested that the deadline of September 28, 2007 established by the Scheduling Order for filing dispositive motions be extended to December 14, 2007 based on Defendants' availability to their attorney and Defendants' attorney's workload (Doc. No. 52).  According to the letter, a copy was mailed to Plaintiff, however, the court granted Defendants' request without providing Plaintiff an opportunity to respond to Defendants' request.

In Plaintiff's Motion, Plaintiff asserts that based on the court's failure to conduct

---

[1] Taken from papers and pleadings filed in the instant action and motion.

or reschedule the settlement conference on May 16, 2007, and by granting Defendants' request to enlarge the time within which to file dispositive motions without providing Plaintiff an opportunity to oppose the request, the undersigned has demonstrated bias in Defendants' favor and against Plaintiff.  Plaintiff's Motion ¶ ¶ 3, 4.  Specifically, Plaintiff contends the court violated the terms of the Scheduling Order which required that any requests to amend the cut-off dates be by "joint motion" for good cause shown and that Plaintiff neither had an opportunity to oppose the request nor did Plaintiff join in Defendants' request.  *Id.* ¶ ¶ 1-2, 5.  Additionally, Plaintiff complains that he did not consent to any jurisdiction of a United States magistrate judge over such pretrial matters in this action.  *Id.* ¶ 6.

In its opposition, Defendants contend that the September 27, 2007 request for amendment to the Scheduling Order was based on a showing of good cause, Williams Declaration ¶ 4, and that the court's grant of the extension without consideration of Plaintiff's potential opposition fails to demonstrate that the court's impartiality in this matter might reasonably be questioned, and therefore provides no basis for recusal pursuant to 28 U.S.C. § 455. Williams Declaration ¶ ¶ 7-8 (citing *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

## DISCUSSION

United States Code Title Section 144 ("§ 144") provides that a federal judge should recuse himself if, upon a "sufficient affidavit" there is a showing that the court

holds "a personal bias or prejudice" against the moving party or in favor of an adverse party. Additionally, 28 U.S.C. § 455(a) ("§ 455(a)") requires that a judge shall disqualify himself where his "impartiality might reasonably be questioned," and 28 U.S.C. § 455(b) ("§ 455(b)") prescribes for recusal when a judge has "a personal bias or prejudice concerning a party, based on the applicability of any of the considerations in subsection (b)(1) - (5)."[2] Under these provisions, recusal is typically determined based only upon "extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple v. Jewish Hospital and Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987). *See also Hall v. Dworkin*, 829 F.Supp. 1403, 1407-08 (N.D.N.Y. 1993). While extrajudicial conduct is commonly the source of asserted judicial bias, it is not the exclusive one. *Liteky v. United States*, 510 U.S. 540, 551 (1994). However, where the request for recusal is based on conduct during judicial proceedings, such as the expression of negative views by the court during judicial proceedings concerning a party or the merits of his or her case, such conduct does not constitute grounds for recusal unless the conduct is demonstrated to be so "extreme as to display clear inability to render fair judgment." *Liteky, supra,* at 551 (citing *Davis v. Board of School Comm'rs of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975) (discussing "pervasive bias" exception to the "extrajudicial source" doctrine), *cert. denied*, 425 U.S. 944 (1976)). Evidence arising from judicial proceedings sufficient to justify recusal therefore requires a showing of

---

[2] Plaintiff makes no claim that the undersigned is disqualified under any of the grounds listed in § 455(b)(2) - (5); Plaintiff relies only on § 455(b)(1) (disqualification based on court's "personal bias or prejudice concerning a party . . ..").

4

"[p]artiality . . . [or] favoritism . . . [that] is, for some reason, wrongful or inappropriate," that pervades the proceeding.  *Id.* at 552.

On the other hand, according to the Supreme Court, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky,* 510 U.S. at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  "In and of themselves [adverse judicial rulings] . . . cannot possibly show reliance upon an extrajudicial source . . .."  *Id.* (bracketed material added).  Rather, such adverse rulings "are proper grounds for appeal, not for recusal."  *Id.*  Thus, unless such adverse rulings as a form of judicial conduct stem from an extrajudicial source or so pervasively "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," recusal is not warranted.  *Id.* at 555.

Further, "a motion to recuse is committed to the sound discretion of the . . . judge," against whom recusal is sought.  *Hall, supra* (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), *reh'g denied*, 869 F.2d 116 (2d Cir.), *cert. denied sub. nom.*, *Milken v. S.E.C.*, 490 U.S. 1102 (1989)).  In seeking recusal, the moving party carries a "'substantial burden' . . . to demonstrate the judge is not impartial."  *Id.* (quoting *Shabazz v. Scully*, 1993 WL 8182 *1 (S.D.N.Y. Sep't 1, 1993)); *see also United States v. Int'l Business Machines*, 475 F.Supp. 1372, 1379 (S.D.N.Y. 1979), *aff'd*, 618 F.2d 923 (2d Cir. 1980).  To satisfy its burden, the moving party "must proffer evidence to show that a 'reasonable person knowing and understanding all the relevant facts would recuse the judge[s].'"  *Id.* (quoting *In re Drexel Burham, supra*, at

5

1313). In other words, recusal is not required unless "an objective, disinterested observer fully informed of the facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (bracketed material added). Expressions of bias "concerning the outcome of the case at issue," and where "a judge has a direct personal financial or fiduciary interest in the outcome of the case," will therefore warrant recusal. *Id.*

Pursuant to § 144, if the judge finds the affidavit in support of recusal "establish[es] a legally sufficient claims of personal bias or prejudice, . . . 'such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.'" *Int'l Business Machines, supra*, at 1379 (quoting 28 U.S.C. § 144). Where, however, the supporting affidavit is insufficient on its face, this forbearance requirement is not "triggered." *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (*per curiam*) (litigant affidavit seeking magistrate judge's disqualification predicated solely upon disagreement with judge's prior discovery rulings held insufficient under 28 U.S.C. § 144 and magistrate judge against whom recusal was sought not precluded from further action on the matter pending resolution of the § 144 motion). A sufficient affidavit is also a prerequisite to a recusal motion pursuant to § 455(a). *Id.* As § 144 and § 455(a) both require that a disqualifying bias be extra-judicial in nature, the court's analysis is directed to the merits of Plaintiff's claims under both statutes. *Liteky, supra*, at 552 (§ § 144 and 455(b)(1) "apply *whenever* bias or prejudice exists") (italics in original); *Int'l Business Machines, supra*, at 1389 ("past adverse rulings and a litigant's

fear of future adverse rulings remain insufficient to oust a judge from a case" ).

Here, Plaintiff points to no evidence of bias against Plaintiff on the part of the undersigned of an extra-judicial nature to support his generalized assertion of bias sufficient to warrant recusal.  Rather, both instances of adverse action by the court upon which Plaintiff relies to support Plaintiff's Motion – the court's failure to conduct or reschedule the May 16, 2007 settlement conference and the court's grant of Defendants' request to amend the Scheduling Order without giving Plaintiff an opportunity to oppose the request – were judicial actions on the record and therefore subject to review pursuant to Fed.R.Civ.P. 72(a).  The record reveals Plaintiff failed to timely appeal either judicial action (or inaction) of which Plaintiff now complains to support Plaintiff's Motion.  As such, the court's actions provide no ground for recusal absent a showing that the rulings demonstrates a pervasive bias against Plaintiff. *Liteky,* 510 U.S. at 552.  A fair review of the record in this action provides no evidence of such pervasive bias.

Even if Plaintiff had been granted an opportunity to oppose Defendants' request, Defendants' grounds for the extension were sufficient for the request, and it is doubtful that Plaintiff could have provided substantial reasons to warrant the court's refusal to grant the request.  Significantly Plaintiff makes no effort, in support of Plaintiff's Motion, to explain why Defendants' request for additional time to file dispositive motions lacked good cause as required by Fed.R.Civ.P. 16(b).  *See* Fed.R.Civ.P. 16(b) (pretrial orders subject to modification upon good cause shown).  Moreover, the court has inherent

7

authority to modify the conditions of a scheduling order, *American Tissue, Inc. v. DLJ Merchant Banking Partners, II, L.P.,* 2006 WL 1084392, at *3 n 5 (S.D.N.Y. Apr. 20, 2006) (court exercises "its inherent authority" to amend scheduling order), and therefore there is no merit in Plaintiff's contention that recusal is necessary because the court erred in granting Defendants' request without Plaintiff's concurrence.

Thus, the record is devoid of any evidence that the court harbors, based on reasons not disclosed in the record or rulings, any favoritism toward Defendants or antagonism toward Plaintiff sufficient to reasonably support a finding of undue partiality requiring recusal by the undersigned. Moreover, the actions of which Plaintiff complains were on-the-record subject to judicial review and, because the court's decisions, even assuming they were in error, do not demonstrate extreme bias they are insufficient to require recusal. *Litesky,* 510 U.S. at 551, 555; *Role,* 402 F.3d at 318. Accordingly, treating Plaintiff's Motion as the required affidavit or declaration, it is also facially insufficient to require forbearance by this court. *See Role*, 402 F.3d at 318.

Finally, there is no merit to Plaintiff's contention that recusal should be granted because Plaintiff did not consent to jurisdiction by a magistrate judge over pretrial matters in this case. It is well-settled that a magistrate judge may be assigned by a district judge to handle pretrial matters in any federal civil action, including those at issue on Plaintiff's Motion, pursuant to 28 U.S.C. § 636(b)(1)(A). *See Gomez v. United States*, 490 U.S. 858, 867-68 (1989) (discussing in criminal context that magistrate judge without consent of the parties "could be assigned to 'hear and determine any

8

pretrial matter,' subject to reconsideration by the district court on a showing that 'the magistrate's order is clearly erroneous or contrary to law.'" (quoting 28 U.S.C. § 636(b)(1)(A)); *McCarthy v. Bronson,* 906 F.2d 835, 837 (2d Cir. 1990) (discussing same in civil context).  Accordingly, Plaintiff's Motion is insufficient to support recusal under 28 U.S.C. § 144 or § 445.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Doc. No 55) is DENIED.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 10, 2008
       Buffalo, New York


ANY APPEAL TO THE DISTRICT JUDGE OF THIS DECISION AND ORDER PURSUANT TO FED.R.CIV.P. 72(a) MUST BE FILED WITH THE CLERK OF COURT WITHIN 10 DAYS.