UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MUHSIN FARID HIZBULLAH, 00-A-2980,

                Plaintiff,

                            **DECISION AND ORDER**
                                05-CV-618A

      v.

SEARGENT M. MCCLATCHIE et al.,

                Defendants.

---

## INTRODUCTION

On December 10, 2007, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Defendants contend that plaintiff cannot establish an excessive use of force either objectively or subjectively, and that they are entitled to qualified immunity. In opposition, plaintiff submitted his own affidavit in which he stands by his allegations of assault and excessive force as set forth in his complaint. For the reasons below, the Court will deny the motion.

## BACKGROUND

This case concerns allegations of Eighth Amendment violations by prison guards during an inmate transfer. Plaintiff is a New York State prisoner who was housed at the Upstate Correctional Facility until approximately February 5, 2004. On or about February 5, 2004, plaintiff was transferred from Upstate Correctional

Facility to Five Points Correctional Facility ("Five Points"), a maximum-security prison. This transfer occurred because of plaintiff's extensive history of possession of prison contraband and of assaults and other aggravated conduct against prison staff.

From here, the parties' accounts of the events relevant to this case diverge significantly. According to defendants, plaintiff's history and new prison assignment warranted a departure from the usual method of receiving inmates at Five Points. Five Points has a reception / draft area where new inmates normally enter for processing. Plaintiff was not escorted through the Five Points reception / draft area because he was to be assigned to a particular cellblock reserved for prisoners with a history of assaulting prison staff. Prisoners assigned to that cellblock are admitted directly through the entrance for that cellblock, and defendants used that procedure with plaintiff. Defendants contend that plaintiff initiated a physical encounter with them upon walking through the cellblock entrance. Specifically, plaintiff allegedly attempted to hit one of the defendants escorting him with his left elbow. Defendants claim that in response, they used force to place plaintiff against the wall. Defendants admit that their use of force caused a 1.25 cm laceration over plaintiff's right eyebrow, but that the laceration was closed with four sutures and that a medical examination uncovered no other injuries.

In contrast, plaintiff alleges that defendants initiated a much more significant physical encounter at the cellblock entrance, and that they planned the encounter in advance. Relevant to the pending motion are plaintiff's contentions that, upon passing through the cellblock entrance at Five Points, defendants slapped and punched him repeatedly in his head, face, back, and legs. Plaintiff claims that one of defendants' punches made plaintiff bang his head against a wall, causing the laceration in question. Additionally, plaintiff denies that he initiated any aspect of the encounter and that he attempted to elbow anyone. He argues that he could not have elbowed anyone given the restraints that he was wearing at the time.

In arguing for summary judgment, defendants rely heavily on plaintiff's prison file. Defendants contend that the reports, memoranda, and photographs in that file establish conclusively that plaintiff initiated a physical encounter that they addressed with a reasonable and proportionate amount of force. Defendants contend further that documentary evidence in this case establishes plaintiff's eyebrow laceration as the only injury that he suffered, and that this evidence would have contained some sort of medical assessment about bruises or other injuries if events had unfolded in any way approaching plaintiff's account. For these reasons, defendants believe that plaintiff's claims fail as a matter of law and that they are entitled to qualified immunity.

In opposition to summary judgment, plaintiff acknowledges that there were no witnesses to the events in question. Plaintiff also concedes that he has no audio, video, or documentary evidence to support his account. Instead, plaintiff has submitted his own sworn affidavit maintaining his position that he was assaulted under the circumstances that he first described in his complaint.

## DISCUSSION

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c)(2). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment . . . . More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

The dispute between the parties about what happened in the cellblock entrance at Five Points is "material" because it directly affects what plaintiff would have to prove at trial to establish an Eighth Amendment violation. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant

4

injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted). Here, plaintiff has alleged a premeditated and severe physical attack and has denied doing anything that would have provoked any aspect of that attack. As a *pro se* litigant opposing a summary judgment motion, plaintiff is entitled to the benefit of the doubt regarding any inferences that have to be made about his allegations. *See, e.g., Bennett v. Falcone*, No. 05-CV-1358, 2009 WL 816830, at *3 (S.D.N.Y. Mar. 25, 2009) ("Pleadings submitted by pro se litigants are held to a lesser standard than those drafted by attorneys. The Court therefore construes Plaintiff's pleadings liberally so as to interpret them to raise the strongest arguments that they suggest.") (citations omitted). In response, defendants concede that a physical encounter occurred, but insist that the encounter was a responsive encounter much smaller in scope than what plaintiff has described. As a result, the parties disagree as to who initiated the encounter in question and as to whether the amount of force that defendants used had been proportionate to any force that plaintiff used against them. Premeditation, planning, and disproportionate force go to the heart of what a jury would have to assess at trial when deciding whether defendants violated the Eighth Amendment or are eligible for qualified immunity. This case thus satisfies the materiality prong of the summary judgment standard.

5

The Court is more concerned about whether plaintiff's allegations and affidavit, as the only evidence that he can muster in opposition to the pending motion, suffice to make his material dispute "genuine." "While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account. Under these circumstances, the moving party still must meet the difficult burden of demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citations omitted).[1] This case does not present the exception established in *Jeffreys* that would allow this Court to assess plaintiff's credibility. While plaintiff indeed is relying exclusively on his own testimony, his account of the events in question has been consistent since the filing of his complaint. Defendants have not pointed to any depositions, interrogatories, or other documents indicating that plaintiff has undermined his own credibility by contradicting himself. Since

---

[1] Notably, every legal citation in defendants' memorandum of law—including the citations supporting defendants' argument that plaintiff's allegations are "beyond belief"—predates *Jeffreys*.

defendants have conceded that some kind of physical encounter occurred and that plaintiff suffered at least one injury as a result—namely, the laceration over his right eyebrow—the Court will not declare that a jury's decision that plaintiff met his burden of proof would be categorically unreasonable. "In short, although the credibility of plaintiff's testimony concerning the alleged assault is certainly inconsistent with other evidence and is subject to serious question, it is not so blatantly false that the Court may simply reject it as a matter of law." *Moore v. Casselberry*, 584 F. Supp. 2d 580, 587 (W.D.N.Y. 2008) (Larimer, *J.*); *see also Rossi v. Stevens*, No. 04-CV-01836, 2008 WL 4452383, at *6 (S.D.N.Y. Sept. 30, 2008) ("In this case, Plaintiff's version of the incident is not limited by any fatal internal inconsistencies in his story, but primarily by the lack of corroboration of his testimony. Therefore, although Plaintiff's evidence is open to credibility challenges, the Court finds that it is sufficient to create a genuine issue of fact—one which is undoubtedly material to the resolution of his claim.") (internal quotation marks and citation omitted). The factual dispute between the parties thus is "genuine" for purposes of FRCP 56, making summary judgment inappropriate.

## CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment is denied.  This case is referred back to Magistrate Judge Foschio for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 4, 2010